IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| ASSOCIATION OF PUBLIC SAFETY COMMUNICATIONS OFFICIALS INTERNATIONAL, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:19-cv-932 (AJT/IDD) |
| COUNTY OF ALLEGHENY, PA., | ) ) | |
| Defendant. | ) ) | |

## ORDER

On July 16, 2019, Plaintiff Association of Public Safety Communications Officials

International, Inc. ("APCO" or "Plaintiff"), a not-for-profit corporation incorporated in Florida,

filed this action against the County of Allegheny, Pennsylvania ("Allegheny County" or the

"County"), a political subdivision of the Commonwealth of Pennsylvania, for breach of contract

(Count I), commercial disparagement (Count II), and a declaratory judgment (Count III), all

arising out of the alleged termination on May 29, 2019 of a Services Agreement entered into by

the parties on April 16, 2019, with subsequent addendums (the "Service Agreement").  In

response to the Complaint, which the Plaintiff amended on October 14, 2019 [Doc. 35] (the

"Amended Complaint"),[1] Allegheny County has filed a motion to dismiss this action for lack of

personal jurisdiction, improper venue and failure to state a claim upon which relief can be

granted, or in the alternative, to transfer this action to the Western District of Pennsylvania

pursuant to 28 U.S.C. § 1406(a).  [Doc. 7] (the "Motion"). For the reasons stated below, this

---

[1] As discussed in its Motion to Amend/Correct the Complaint [Doc. 27], the only change made by Plaintiff in the Amended Complaint was to make clear that, pursuant to Exhibit D to the Services Agreement, the prevailing party is entitled to an award of its attorney's fees. [Doc. 27-1].

action will be transferred to the Western District of Pennsylvania pursuant to 28 U.S.C.

§ 1406(a).

## I.  BACKGROUND

As alleged in the Amended Complaint, Plaintiff's claims arise out of the Services

Agreement, which provides in pertinent part:

**ARTICLE 2:  <u>AGREEMENT TO SELL</u>**

2.4.5   In case of any conflict or inconsistency between the Contract Documents,[3] or between any Contract Document and this Agreement [the Services Agreement], the documents shall prevail and applying in the following order of priority:

(a) This Agreement; then
(b) The RFP; then
(c) Supplier's proposal dated _____, [i.e., Exhibit D[4]].

[Doc. 19-3 at 3 (blank in original)].

**ARTICLE 17: <u>GOVERNING LAW</u>**

17.1   This Agreement shall be governed by and interpreted in accordance with the laws of Pennsylvania without regard to its choice of law provisions.

[Doc. 19-3 at 7].

**EXHIBIT D**

13.  <u>General Provisions.</u>

h.  <u>Choice of Law.</u>  The parties agree that this Agreement shall be governed and construed in accordance with the laws of the defending party without regard to conflicts of laws principles.  The parties hereby agree that in the event of any

---

[3] "Contract Documents" are collectively defined in the Services Agreement as the "County's Request for Proposal for Emergency Dispatch Protocol System, Specification Number 7609, and all subsequent Bulletins pertaining to and referenced by the same Specification Number . . .; and Supplier's Proposal dated _____ [i.e., Exhibit D]; and [a]ny subsequent pricing hereby incorporated by reference and attached as Exhibit A."  [Doc. 19-3 at 2 (blank in original)].

[4] Plaintiff states that the "Supplier's Proposal" referenced in the Services Agreement refers to Exhibit D to the Services Agreement and therefore Exhibit D to the Services Agreement is a "Contract Document."  [Doc. 29 at 2].

litigation between them, such proceeding shall be brought exclusively within the courts of the defending party and the parties irrevocably consent and submit to the jurisdiction of, and venue in, the aforementioned courts, and further waive any claim that a proceeding brought therein has been brought in an inconvenient forum.

[Doc. 19-3, Ex. D at 4].

## II. LEGAL STANDARD

Rule 12(b)(3) provides the proper procedural vehicle for a party to move to dismiss an action on the basis that a forum selection clause governs the dispute. *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006).   When faced with a motion under Rule 12(b)(3), a district court may "freely consider evidence outside the pleadings." *Id*.  In deciding a motion to dismiss, all inferences must be drawn in favor of the plaintiff, and "the facts must be viewed as the plaintiff most strongly can plead them." *Coakley & Williams, Inc. v. Shatterproof Glass Corp.*, 706 F.2d 456, 457 (4th Cir. 1983). Further, a district court may dismiss a suit on the basis of a forum selection clause without needing to address whether it has jurisdiction over the parties.  *Sucampo*, 471 F.3d at 550 n.3 ("Because a district court has the discretion to dismiss on the basis of improper venue before reaching the issue of personal jurisdiction, the district court did not err in dismissing Sucampo's complaint on the basis of the forum-selection clause without addressing Astellas's personal jurisdiction objections"); *see Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 127 S. Ct. 1184, 1191 (Mar. 5, 2007).  Thus, if a district court determines that venue is improper, it may dismiss the case. *Torres v. SOH Distrib. Co.*, 2010 WL 1959248, 2010 U.S. Dist. LEXIS 47448, at *4-5, (E.D. Va. May 13, 2010).  Alternatively, the Court, after determining that venue is improper, may transfer the case to a district in which the suit should have been brought if it is in the interest of justice. *Id*. (citing 28 U.S.C. § 1406(a)).

## III.  ANALYSIS

### a.  Venue and the Forum Selection Clause

Allegheny County contends that Plaintiff's claims must be litigated within Allegheny County, Pennsylvania, based on the forum selection clause contained in Exhibit D to the Services Agreement. In assessing that claim, and the enforceability of the relied upon forum selection clause, the Court must first determine which law governs. *Eisaman v. Cinema Grill Sys.*, 87 F. Supp. 2d. 446, 448 (D. Md. 1999) ("the law governing the enforceability of forum-selection clauses in the context of a motion to dismiss depends on the nature of the underlying claim."). Enforcement of a forum selection clause in a diversity action such as this is a procedural matter determined under federal rather than state law. *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 651 (4th Cir. 2010) ("When a court is analyzing a forum selection clause, which changes the default venue rules applicable to the agreement, that court will apply federal law...").

Federal law presumes mandatory forum selection clauses to be *prima facie* valid for claims within their scope "unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen*, 407 U.S. at 10.  The Court must therefore first decide whether the clause is mandatory; and if so, whether the clause is enforceable as to the particular claims in dispute.  If the clause is both mandatory and enforceable, then it is presumptively valid. *Id.* at 10.  And finally, a court must decide whether the party opposing the clause's enforcement has rebutted the presumption of enforceability by proving that its enforcement would be unreasonable.  The party resisting enforcement bears a "heavy burden of proof," and must "clearly show that enforcement would be unreasonable and unjust." *Id.* at 15.  Absent such a showing, the clause will be enforced. *M/S Bremen*, 407 U.S. at

4

15 ("The correct approach [is] . . . to enforce the forum clause specifically unless [the resisting party can] clearly show that enforcement would be unreasonable and unjust . . .").

Here, the forum selection clause is mandatory since it contains clear and unambiguous language evidencing the parties' intent that litigation be conducted only in the designated forum. As stated in Exhibit D to the Services Agreement, "[t]he parties hereby agree that in the event of any litigation between them, such proceeding shall be brought *exclusively* within the *courts of the defending party* and the parties irrevocably consent and submit to the jurisdiction of, and venue in, the aforementioned courts. . ." [Doc. 19-3, Ex. D at 4 (emphasis added)].   In this case, "the courts of the defending party" are the state or federal courts located in Allegheny County, Pennsylvania.

Plaintiff contends that the forum selection clause is not mandatory for two reasons.  First, the forum selection clause, Plaintiff argues, is subordinate to the Services Agreement. [Doc. 29 at 1].  According to Plaintiff, because Section 17.1 of the Services Agreement unambiguously chooses Pennsylvania law and Exhibit D provides for the application of some undefined state law (*i.e.*, the "laws of the defending party without regard to conflicts of laws principles"), there is a conflict regarding the applicable law, and therefore, pursuant to the priority provision in Section 2.4.5 of the Services Agreement, the Services Agreement, which has no forum selection clause, supersedes paragraph 13.h. in Exhibit D (including its forum selection clause) in its entirety.  *Id.* at 2.

Here, the choice of law provisions do not appear to conflict, but even if they did, Plaintiff's position ignores that at issue here is not what substantive law applies to the parties' dispute, but rather whether the litigation may be pursued in a Virginia court rather than a Pennsylvania court; and on that issue, the relied upon provisions do not conflict since Section

5

17.1 of the Services Agreement is silent as to the controlling forum and paragraph 13.h of Exhibit D clearly provides for a mandatory forum. *See* [Doc. 19-3, Ex. D at 4]. To conclude, as Plaintiff appears to argue, that the suggested conflict between governing law provisions in the Service Agreement and Exhibit D causes the Services Agreement to supersede the entirety of paragraph 13.h in Exhibit D would essentially eliminate Exhibit D's agreed-upon forum selection clause in violation of the widely-accepted principle that a court must give effect to all provisions in a contract. *See Gaffer Ins. Co. v. Discover Reinsurance Co.*, 2007 PA Super 339, 936 A.2d 1109, 1115 (Pa. Super. Ct. 2007) (declining to read a contractual arbitration provision as limited by a separate service of suit provision in the same agreement because doing so "violates a basic principle of contract interpretation: [to] consider the contract as a whole and give effect to every provision if possible").[6]

Second, Plaintiff contends that the forum selection clause under Pennsylvania law "is too ambiguous to be enforceable." [Doc. 29 at 2]. In support of this position, Plaintiff points to the specific reference to Pennsylvania law in the "Choice of Law" provision in the Services Agreement (which explicitly references Pennsylvania law) as compared to the "the defending party" language used in the "Governing Law" provision in Exhibit D, claiming, in effect, that since the parties knew how to explicitly reference Pennsylvania when they intended to have Pennsylvania law govern, there is "sufficient ambiguity to preclude requiring [Allegheny County] to pursue its claims in the Western District of Pennsylvania." [Doc. 29 at 3]. But,

---

[6] Plaintiff cites to *Emlenton Area Mun. Authority v. Miles*, 548 A.2d 623 (Pa. Super. Ct. 1988) in support of its position. In that case, the Pennsylvania Superior Court reversed the court below upon finding that the standard general conditions in the contract, which contained a mandatory arbitration clause, governed the supplemental conditions, which contained a permissive arbitration clause. *Id.* at 626-27. But unlike here, *Emlenton* involved two contractual provisions that were directly in conflict: on the one hand, a mandatory provision required that "all claims, disputes and other matters . . . shall be decided by arbitration" and, on the other hand, a permissive provision stated that "all claims, counter-claims, disputes and other matters in question . . . will be decided by arbitration if the parties hereto mutually agree." *Id.* at 626. Thus, as discussed above, there is no conflict with respect to the forum selection here.

again, whatever the implications concerning this difference in language when describing the

choice of law, there is nothing in the language used in the forum selection clause that makes that

provision ambiguous because the location of the defending party is not predetermined.  Floating

forum selection clauses, such as the one here, contain clear and unambiguous language

appointing a specific forum and as such, are enforceable under both federal and Pennsylvania

law.  *See IFC Credit Corp. v. Aliano Bros. Gen. Contrs., Inc.*, 437 F.3d 606, 607 (7th Cir. 2006)

(enforcing floating forum selection clause under federal law); *see also Susquehanna Patriot

Commer. Leasing Co. v. Holper Indus.*, 928 A.2d 278, 283 (Pa. Super. Ct. 2007) (enforcing

floating forum selection clause under Pennsylvania law).

Having concluded that the forum selection clause is mandatory, the Court easily

concludes that Plaintiff's claims fall within its scope and is therefore presumptively enforceable

against the plaintiff. In that regard, Paragraph 13.h in Exhibit D captures "any litigation"

between Plaintiff and the County and the dispute here is between the two named parties to the

forum selection clause. The Court likewise concludes that there has been no showing that the

forum selection clause is unreasonable.[8]

For the above reasons, the parties' forum selection clause is mandatory and enforceable

against the plaintiff and venue is improper in this District.

### b. Dismissal or transfer under 28 U.S.C. § 1406(a)

Having concluded that venue is improper in this District, the Court has the discretion to

either dismiss the case or transfer it "to any district or division in which it could have been

---

[8] As articulated by the Fourth Circuit, a forum selection clause is unreasonable if (1) its formation was induced by fraud or overreaching; (2) the resisting party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) the clause's enforcement would contravene a strong public policy of the forum state. *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996); *see also Pee Dee Health Care, P.A. v. Sanford*, 509 F.3d 204, 213-14 (4th Cir. 2007).  As Plaintiff does not contest the reasonableness of the forum selection clause, analysis of these factors is unnecessary here.

brought" if such transfer is "in the interest of justice." 28 U.S.C. § 1406(a).[9] The central focus in determining whether the "interest of justice" requires transfer rather than dismissal regards the effect on the plaintiff. *The Hipage Co., Inc. v. Access2Go, Inc.*, 589 F. Supp. 2d 602, 611 (E.D. Va. 2008).

Here, dismissal for improper venue, rather than transfer to appropriate court "would serve no real purpose other than to add the additional expense of re-filing the case." *Simpson v. Snyder's of Hanover, Inc.*, No. 05-CV-354, 2006 U.S. Dist. LEXIS 42091, 2006 WL 1642227, at *7 (W.D.N.C. June 12, 2006). Furthermore, neither Plaintiff nor Allegheny County objects to transfer in lieu of dismissal. *See* [Docs. 8 at 14-15; 19 at 18].[10]

In order to transfer this action, the Court must also find that the transferee court has subject matter jurisdiction over the action, and that personal jurisdiction and venue are proper in the transferee court before transferring the case. *See Johnson v. Helicopter & Airplane Serv. Corp.*, 389 F. Supp 509, 523 (D. Md. 1974). Here, were the Court to transfer this action, it would be to the Western District of Pennsylvania, as the forum selection clause requires. As the parties in this matter are citizens of different states and the amount in controversy is in excess of $75,000, *see* Compl. ¶¶ 1-5, that court would have diversity of citizenship jurisdiction over this matter pursuant to 28 U.S.C. § 1332. It would also have personal jurisdiction over the parties and venue would be proper in that transferee court. In that regard, Exhibit D expressly states that "the parties irrevocably consent and submit *to the jurisdiction of, and venue in, the aforementioned courts* [*i.e.*, an appropriate Pennsylvania court]..." (emphasis added). The Court

---

[9] 28 U.S.C. § 1406(a) reads: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."
[10] Plaintiff has requested that if venue is found to be improper, the case be transferred to either the Middle District of Florida or the Western District of Pennsylvania. [Doc. 19 at 18].

therefore concludes that the both personal jurisdiction and venue properly lie in the Western District of Pennsylvania. *See also ARRO Consulting, Inc. v. Bennett, Brewer & Assocs, LLC*, 178 A.3d 134, 2017 WL 3865822, at \*7-9 (Pa. Super. Ct. 2017) (unpublished) (noting that, under Pennsylvania law, reference to "jurisdiction" in forum selection clauses includes and refers to personal jurisdiction).

## IV.  CONCLUSION

For the foregoing reasons, venue is improper in this District and it is hereby

ORDERED that Defendant's motion to transfer [Doc. 7] be, and the same hereby is,

**GRANTED**; and this action is **TRANSFERRED** to the United States District Court for the Western District of Pennsylvania.

The Clerk is directed to forward copies of this Order to all counsel of record; and transfer this action to the Western District of Pennsylvania.

/s/

Anthony J. Trenga
United States District Judge

Alexandria, Virginia
October 18, 2019

9